IN THE UNITED STATES DISTRICT COURT
FRO THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TRUCK PARTS AND SERVICES, INC.     PLAINTIFF/COUNTER-DEFENDANT

V.     CIVIL ACTION NO. 3:07-CV-78-SAA

TRUCKPRO, INC.     DEFENDANT/COUNTER-PLAINTIFF

## MEMORANDUM OPINION

The defendant TruckPro, Inc. seeks entry of summary judgment in its favor in this case, asserting that there are no genuine issues of material fact to be litigated, and it is entitled to judgment as a matter of law. After considering the motion, the court finds as follows.

## I. FACTS AND PROCEDURAL HISTORY

The plaintiff Truck Parts and Services, Inc. is in the business of repairing heavy duty trucks. TruckPro is a distributor of heavy duty truck and trailer parts and has been supplying the plaintiff for the past several years. The parties have a mutual open account that allows for credits and debits to be entered by either party. When certain parts supplied by TruckPro have failed within the warranty period, TruckPro issues credits to Truck Parts, refunds the amounts paid for parts or replaces the failed parts. The instant case was filed in the Chancery Court of Lafayette County, Mississippi and removed to this court. In its complaint, Truck Parts claimed that TruckPro owes it $77,692.71 for unpaid warranty claims (docket no. 2) and acknowledged that TruckPro claims Truck Parts owes TruckPro $10, 236.69. Truck Parts seeks an order requiring TruckPro to provide an accounting of what Truck Parks owes and is owed and an order awarding

Truck Parts reasonable attorney's fees and costs of this proceeding. (Docket no. 2).

On November 30, 2007, the defendant TruckPro served the plaintiff with interrogatories, requests for production of documents and requests for admissions. (Docket no. 22). The plaintiff served responses to the discovery on January 30, 2008. Also on January 30, 2008, the defendant moved, pursuant to RULE 36 of the FED.R. CIV.P. to have its first request for admissions to plaintiff deemed admitted because more than thirty days had elapsed since the requests for admissions were propounded on the plaintiff. (Docket no. 27). The court granted the order because the rule, by its terms, is self-operating. (Docket no. 30); Fed. R. Civ. P. 36 ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves a written answer or an objection.").

TruckPro contends that Truck Parts did not request and is not entitled to any relief beyond an accounting and attorney's fees and costs as requested in its complaint, that it is not entitled to any money damages because of its admission that it has received credits and parts in an amount greater than Truck Parts's outstanding warranty claim and that TruckPro is entitled to judgment in the amount of $10,236.69, plus attorney's fees and costs. In support of its motion TruckPro relies upon the plaintiff's request for relief in its complaint, the plaintiff's admissions regarding credits received from TruckPro and the plaintiff's admissions regarding its failure to pay TruckPro for goods or services.

Truck Parts argues in response to the motion that the language of the admissions was ambiguous in that the monies received by the plaintiff did not fully satisfy the plaintiff's claim for warranty parts and labor from the defendant.

## II. DISCUSSION

## A. SUMMARY JUDGMENT

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249.

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.* , 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v.*

*Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075. "[T]he moving party is entitled to judgment as a matter of law if the nonmoving party fails to make a sufficient showing of an essential element of the case to which the nonmoving party has the burden of proof." *Melton v. Teachers Ins. & Annuity Ass'n of America*, 114 F.3d 557, 559, citing *Celotex*, 447 U.S. at 233.

### B. REQUESTS FOR ADMISSIONS

Rule 36 of the Federal Rules of Civil Procedure is quite clear on the issue of failure to respond to requests for admissions. Under subsection (a)(3) a matter is admitted unless the party responds to the request within thirty days after it is served. Moreover, "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Thus, the plaintiff's failure to timely respond to the requests for admissions propounded by TruckPro resulted in the requests being deemed admitted by virtue of operation of the Rule.

### C. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Because TruckPro's requests for admissions were deemed admitted, TruckPro contends

that there remain no genuine issues of material fact relating to TruckPro's claims and defenses, entitling it to summary judgment and requiring denial of plaintiff's claims as a matter of law. Truck Parts admits that it failed to answer the seventy-four individual requests for admissions and thirty-four credit and parts memo exhibits attached to the requests. Nevertheless, it argues that even if the requests are deemed admitted by operation of the rules, there remain genuine issues of material fact including whether the term "satisfaction" as used in the requests for admission constitutes "accord and satisfaction;" if not, says Truck Parts, its claims against TruckPro can be maintained.

The complaint sought "[a]n order requiring the defendant to provide an accounting of what the plaintiff owes and is owed; [and] [a]n order awarding the plaintiff reasonable attorney fees and costs," (docket 2, p. 4) and made no request for money damages of any kind. *Id.* TruckPro then sought damages against Truck Parts in its counterclaim, plus interest, attorneys' fees and costs of collection. (Docket 4, p. 5). TruckPro's requests for admissions asked plaintiff to admit that it received credits totaling $42, 009.87 from TruckPro (Exhibit A, ¶¶ 1 - 46) and parts totaling $36,709.25 from TruckPro in satisfaction of plaintiff's warranty claims. (Exhibit A, ¶¶ 47-68). Finally, TruckPro asked plaintiff to admit that it had failed to pay for goods and services in excess of $10,236.69. (Exhibit A, ¶71). The plaintiff argues that although the requests for admissions may, if deemed admitted, establish that the plaintiff's claims were "satisfied," there was no accord and satisfaction, and thus there remains a genuine issue of material fact regarding plaintiff's claims.

BLACK'S LAW DICTIONARY defines the term "satisfaction" as

The giving of something with the intention, express or implied, that it is to extinguish

5

some existing legal or moral obligation. • Satisfaction differs from performance because it is always something given as a substitute for or equivalent of something else, while performance is the identical thing promised to be done. -- Also termed satisfaction of debt. **2.** The fulfillment of an obligation; esp., the payment in full of a debt.

"Accord and satisfaction," on the other hand, is defined as:

> An agreement to substitute for an existing debt some alternative form of discharging that debt, coupled with the actual discharge of the debt by the substituted performance. • The new agreement is called the accord, and the discharge is called the satisfaction. . . . 'Accord and satisfaction' means an agreement between the parties that something shall be given to, or done for, the person who has the right of action, in satisfaction of the cause of action. There must be not only agreement ('accord') but also consideration ('satisfaction').

BLACK'S LAW DICTIONARY (8th ed. 2004). The distinguishing factor is the new agreement or accord. Nevertheless, both terms stand for the proposition that satisfaction is understood as the fulfillment of an obligation or debt.

Summary judgment on an open account is proper where the moving party sets out a detailed statement of account, and the opposing party fails to adduce specific, legally cognizable items of debit or credit not included in the movant's statement which demonstrate that the amount claimed due is inaccurate. *Olympic Ins. Co. v. H. D. Harrison, Inc.*, 418 F.2d 669, 671 (5th Cir. 1969). Likewise, summary judgment may be awarded on an open account where the movant demonstrates the accuracy and validity of the account by affidavit, and the opposing party has denied liability generally without presenting specific indications that the movant's facts are in error. *Lawhorn v. Atlantic Refining Co.*, 299 F.2d 353 (5th Cir. 1962). In this case, although the plaintiff puts forth a creative argument and provides the affidavit of James H. Cregar, president of Truck Parts, to support plaintiff's position that it "has not agreed to accept any sum less than the total claims, and it has not agreed to a lesser sum in satisfaction of" the amount plaintiff

6

claims it is owed., the affidavit does not contradict the fact that due to its failure to timely respond to the requests for admissions, plaintiff admitted that the amounts claimed were "satisfied." Further, "[u]nsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment." *Clark v. America's Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997), citing *Duffy v. Leading Edge Products, Inc.,* 44 F.3d 308, 312 (5th Cir.1995). The plaintiff has not brought forth a genuine issue of material fact that would preclude summary judgment.

In this case plaintiff Truck Parts has admitted that it received credits totaling $42, 009.87 and parts totaling $36,709.25 from TruckPro in satisfaction of plaintiff's warranty claims and that plaintiff failed to pay for goods and services in excess of $10,236.69. These admissions, despite their being deemed admitted by operation of Rule 36, establish that the plaintiff's claims for outstanding warranty work have been satisfied, and plaintiff owes defendant $10,236.69. As such, there remains no genuine issue of material fact to be resolved by a trial, and the defendant is entitled to a money judgment in the amount of $10,236.69 as a matter of law.

### III.  CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment is granted. A judgment in accordance with this opinion will be issued accordingly.

THIS, the 4th day of March, 2009.

    __/S/__ S. ALLAN ALEXANDER__
    UNITED STATES MAGISTRATE JUDGE